```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND


TAFADZWA NHIRA                *
                              *
v.                            *   Civil Action No. WMN-14-676
                              *
BOWIE STATE UNIVERISTY        *
et al.                        *
                              *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Plaintiff was employed as a Food Service Director by Defendant Thompson Hospitality (Thompson) and/or Defendant Compass Group (Compass). He worked in that capacity on the campus of Morgan State University until December of 2011 when his position was terminated. Plaintiff is a "45 year old black male of Zimbabwean national origin and of Christian faith" and alleges that this termination was on account of his race, color, religion, sex, and national origin. Compl., ECF No. 1 at 5. In addition, Plaintiff alleges his discharge was in retaliation for having protested the unlawful employment practices of Thompson and Compass regarding another employee, Tajun JarAllah, who was employed on the campus of Bowie State University in a similar capacity to that of Plaintiff.

Proceeding pro se, Plaintiff filed this action on March 7, 2014, asserting discrimination and retaliation claims under

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.  Plaintiff also asserts claims under the whistleblower provisions of the Sarbanes Oxley Act, 18 U.S.C. § 1514A(a).  In addition to Thompson and Compass, Plaintiff has named as Defendants several current and former employees of Thompson and/or Compass: Maurice Jenoure, Jill Brown, Dina Zaikouk, Dana Mitchell, Todd Burge, Dan Kelly, Nancy Wediner, Abdelmajid Zaghari, Michael Amos, and Alessandria McGwire.[1]  Also named as Defendants are Morgan State University (Morgan State) and Bowie State University (Bowie State).

Plaintiff has filed various documents that he asserts represent service of process on each of the Defendants.  As to Morgan State, Dana Mitchell, Abdelmajid Zaghari, Michael Amos, Alessandria McGwire, and Bowie State, Plaintiff filed copies of United States Postal Service Tracking Records.  ECF Nos. 15-20 (respectively).  Morgan State and Bowie State were also apparently served by mailing of process to the Office of the Attorney General.  See ECF No. 41-3 (Domestic Return Receipt).  As to Maurice Jenoure, Jill Brown, Dina Zaikouk, Todd Burge, Dan Kelly, and Nancy Wediner, Plaintiff submitted Domestic Return Receipts indicating that summonses were sent to these individual at Thompson's business address.  ECF No. 27.  A summons was also

---

[1] Michael Amos and Alessandria McQuire were added as Defendants in an Amended Complaint filed on June 6, 2014.  ECF No. 5.

2

sent to Thompson at that same address, id., and a summons was sent to Compass at its corporate offices in Charlotte, North Carolina. See ECF No. 10.

Plaintiff has filed motions for entry of default judgment as to the following Defendants: Jill Brown (ECF No. 32); Nancy Weidner (ECF No. 33); Alessandra McGwire (ECF No. 34); Michael Amos (ECF No. 35); Morgan State (ECF No. 36); Bowie State (ECF No. 37); Dan Kelly and Todd Burge (ECF No. 56); and Compass, Thompson, Maurice Jenoure, Dina Zaikouk, Dana Mitchell, and Mark Zaghari (ECF No. 62). Defendants Morgan State and Bowie State have filed motions to dismiss. ECF Nos. 25 (Bowie State) and ECF No. 30 (Morgan State). Apparently believing that Bowie State had an obligation to file a response to Plaintiff's Reply in further support of his first motion for entry of default judgment against it, Plaintiff filed a second motion for entry of default judgment against Bowie State. ECF No. 59. Plaintiff has also filed a "Motion for setting the record straight and requesting counsel on record to refrain from making conclusion of law." ECF No. 28. All of these motions are ripe.

Turning first to Plaintiff's motions for default judgment, the Court concludes that they all will be denied. Six of the individuals for which Plaintiff seeks entry of default judgment - Jill Brown, Todd Burge, Dan Kelly, Nancy Wediner, Michael Amos, and Alessandria McGwire – were no longer employed by

3

Thompson at the time of attempted service and thus would not have received notice of the suit by delivery of the summonses and Complaint to Thompson's place of business.  See Decls. of Maurice Jenoure, ECF Nos. 38-1 and 52.  In his "Motion to set the record straight," Plaintiff suggests that Thompson was "responsible for giving the mail to their employees who were discharging duties within the scope of their employment."  ECF No. 28 at 2.  Plaintiff also counters that these individuals, when they were still employed by Thompson, were advancing the interests of Thompson and, thus, Thompson is bound by their actions.  While that later argument may be a valid means of imposing liability on Thompson, there is no obligation on the part of an employer to forward summonses to former employees nor does an employer have the authority to accept service of process for former employees.

Thompson, Compass, Jenoure, Zaikouk, Mitchell, and Zaghari filed a timely answer to the Complaint.  ECF No. 44.  Plaintiff's motion for default judgment against these Defendants appears to be premised on his erroneous belief that these Defendants were obligated to "respond to [Plaintiff's] reply to their answer."  ECF No. 62 at 1.  There is no such obligation under the Federal Rules.  Once an answer is filed, a case typically proceeds to discovery and not until the close of discovery and the filing of dispositive motions, if any, will

4

the validity of Plaintiff's claims or Defendants' defenses be tested.

In moving for default judgment against Morgan State and Bowie State, Plaintiff argues that they failed to file their answers to the Complaint within the requisite 21 days of service. Morgan State and Bowie State were served on June 27, 2014, by delivery of the summons and complaint to the Attorney General's Office. ECF No. 41-3. Bowie State filed its motion to dismiss on Friday, July 18, 2014, which was the last day to timely respond to the complaint. Morgan State filed its motion to dismiss on the next business day, Monday, July 21, 2014, so its response was one day late. Even were the Court to assume, as Plaintiff argues, that both of these Defendants were a day or two late in responding to the Complaint, Plaintiff has demonstrated no prejudice by this delay and the Fourth Circuit has expressed a strong preference that defaults be avoided and the claims and defenses be disposed of on their merits. Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). In arguing for default, Plaintiff focuses on the merits of the claims in his Complaint, not on any prejudice he suffered as a result of the brief delay in Defendants' response to his Complaint.

Turning to the merits of the motions to dismiss filed by Morgan State and Bowie State, both argue that the Title VII

5

claims must be dismissed because neither entity was Plaintiff's employer and that the Sarbanes Oxley claims must be dismissed because they are not publicly traded companies. Plaintiff provides no substantive opposition to either motion. In both documents that he captioned as his "Responses to the Dismissal motions," Plaintiff offers a single sentence, "Defendant through counsel on record failed to timely answer the summons accompanied by the complaint." ECF Nos. 39 and 40.

Title VII makes it "an unlawful employment practice for <u>an employer</u> . . . to discharge any individual or otherwise to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). Title VII also makes it unlawful "for <u>an employer</u> to discriminate against" an employee for opposing any practice made unlawful under Title VII or for participating in Title VII enforcement proceedings. <u>Id.</u> § 2000e-3(a) (emphasis added). Plaintiff does not allege that either Bowie State or Morgan State was his employer. The only allegation in the Complaint concerning Morgan State is that "Morgan State wanted an African American food service director and Thompson agreed by terminating [Plaintiff]." Compl. ¶ 34. Plaintiff asserts a similar allegation against Bowie State, that Bowie State wanted a food service director of African American

descent and, as a result, JarAllah was transferred from Bowie State. Id. ¶ 36.

While pro se Plaintiff does not make this argument, there is a line of decisions from other Circuits holding that, in some circumstances, an entity may be liable for interfering with someone's employment relationship with a third party, if done for discriminatory reasons. This "interference theory" was first articulated more than forty years ago by the District of Columbia Circuit in Sibley Memorial Hospital v. Wilson, 488 F.2d 1338, 1341-42 (D.C. Cir. 1973), and was initially adopted by some other circuits as well. See Zaklama v. Mt. Sinai Med. Ctr., 842 F.2d 291, 294 (11th Cir. 1988); Gomez v. Alexian Bros. Hosp., 698 F.2d 1019, 1021–22 (9th Cir. 1983). More recently, however, courts have backed away from this expansion of potential "employers" under Title VII. See Lopez v. Massachusetts, 588 F.3d 69, 83-98 (1st Cir. 2009); Gulino v. New York State Educ. Dept., 460 F.3d 361, 373-775 (2d Cir. 2006). Most pointedly, the First Circuit in Lopez concluded that the "interference theory is entirely inconsistent with the use of the common law criteria the Supreme Court has identified" for interpreting the term "employer" in Title VII. Lopez, 588 F.3d at 89 (concluding a lengthy discussion of the Supreme Court's decisions in Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 448 (2003); Walters v. Metro. Educ. Enter., Inc.,

519 U.S. 202, 211-12 (1997); Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-23 (1992); and Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730 (1989)).  Furthermore, the court concluded that "the conceptual underpinning for the doctrine, that a broad reading of the terms "employee" and "employer" are supposedly justified by the remedial purpose of the statute, has been expressly rejected by the Supreme Court." Id. (citing Clackamas, 538 U.S. at 446-47).

The Fourth Circuit has never reached the issue of whether liability under Title VII can be imposed on an "interference theory."  See Bender v. Suburban Hosp., Inc., 159 F.3d 186, 188 (4th Cir. 1998) (assuming without deciding that the doctrine would apply but finding it inapplicable on other grounds).  This Court notes that, even while assuming its applicability, the Fourth Circuit in Bender expressed some reservation as to the application of the doctrine and also noted a narrowing of the scope of the doctrine by other courts.  Id. at 188 n.1.  In the absence of controlling precedent to the contrary, this Court finds the reasoning of Gulino and Lopez compelling.  Accordingly, because Plaintiff does not allege that Morgan State or Bowie State was his employer, the Court finds that there is no ground for liability against them, at least not under Title VII.

The absence of liability under the Sarbanes Oxley Act is perhaps more straightforward.  The whistleblower protection provision of the Act provides in pertinent part that "[n]o [publicly traded][2] company . . . or any officer [or] employee . . . of such company  . . .  may discharge . . . or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee" including an employee's assistance in an investigation of fraud.  18 U.S.C. § 1514(A)(a); see also, Brady v. Calyon Sec. (USA), 406 F. Supp. 2d 307, 317 (S.D.N.Y. 2005) (holding that a specific requirement for establishing a violation under the Act "is that defendant be a publicly traded company").  By its own terms, any primary liability under the Act is limited to publicly traded companies.  Bowie State and Morgan State are not publicly traded companies, but are agencies of the State of Maryland.[3]

---

[2] The term publicly traded company encompasses any "company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)) including any subsidiary or affiliate whose financial information is included in the consolidated financial statements of such company, or nationally recognized statistical rating organization (as defined in section 3(a) of the Securities Exchange Act of 1934 (15 U.S.C. 78c).  18 U.S.C. § 1514A(a).

[3] In addition, Plaintiff's Sarbanes Oxley claims appear to be based on his allegations that Thompson inaccurately reported inventory and expenses.  There is no allegation that Morgan

As the case now stands, the following Defendants have been served and have answered the Complaint:  Thompson, Compass, Maurice Jenoure, Dina Zaikouk, Dana Mitchell, and Abdelmajid Zaghari.  Defendants Bowie State and Morgan State shall be dismissed from this action.  The following Defendants have not been served and it appears that Plaintiff has no current address for these individuals: Jill Brown, Todd Burge, Dan Kelly, Nancy Wediner, Michael Amos, and Alessandria McGwire.  Under Rule 4(m) of the Federal Rules of Civil Procedure, if a defendant is not served within 120 days of the filing of a complaint, the claim against that defendant should be dismissed, without prejudice, unless good cause is shown for the failure to serve.  Plaintiff shall be given ten days from the date of this Memorandum and Order to show cause why the claims against these Defendants should not be dismissed.  If good cause is not shown, these Defendants will be dismissed and the Court will then issue a scheduling order and permit discovery to go forward as to the remaining Defendants.  A separate order consistent with this Memorandum will issue.

```
                          _____/s/_____
                          William M. Nickerson
November 12, 2014         Senior United States District Judge
```

---

State or Bowie State were aware of or participated in this inaccurate reporting.