IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAFADZWA NHIRA                    *
                                  *
v.                                *    Civil Action No. WMN-14-676
                                  *
BOWIE STATE UNIVERISTY            *
et al.                            *
                                  *

* * * * * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

On November 12, 2014, this Court issued a Memorandum and Order that, inter alia, dismissed the claims against Morgan State University (MSU) and Bowie State University (BSU) that were brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII), and the Sarbanes Oxley Act, 18 U.S.C. § 1514(a). ECF Nos. 65 and 66. As to the Title VII claim, the Court explained that, because Plaintiff did not allege in his Complaint that either MSU or BSU was his employer, he cannot bring a Title VII claim against them. ECF No. 65 at 6. The Court discussed a line of decisions from other jurisdictions that have held that, in some circumstances, an entity may be liable for interfering with someone's employment relationship with a third party, if done for discriminatory reasons. Id. at 7. This Court noted, however, that the Fourth Circuit had never endorsed that "interference theory" and, adopting the reasoning of decisions from the First and Second

Circuit, concluded that the theory was inconsistent with the Supreme Court's interpretation of "employer" under Title VII. Id. at 7-8 (citing Lopez v. Massachusetts, 588 F.3d 69, 83-98 (1st Cir. 2009) and Gulino v. New York State Educ. Dept., 460 F.3d 361, 373-775 (2d Cir. 2006)).

Plaintiff, proceeding pro se, has asked that the Court reconsider that portion of its previous ruling dismissing the Title VII claims against MSU and BSU. ECF No. 69 (Motion to Reconsider as to MSU); ECF No. 70 (Motion to Reconsider as to BSU). Plaintiff argues that MSU and BSU were "strategic partners" with his actual employer, Thompson Hospitality Services (Thompson), and thus could be considered "joint employers." ECF No. 70 at 9. On that basis, he asks to amend his complaint to include the allegation that MSU and BSU were his employers under "the joint employer concept as established by the Supreme Court of the USA." ECF No. 69 at 4; see also ECF No. 70 at 9.[1]

The Court will deny the motions for reconsideration and Plaintiff's related request to amend the Complaint as the facts

---

[1] In his motions, Plaintiff relies on Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 448 (2003). Clackamas addressed a very different factual question. Noting that, where a statute does not define "employee" or "employer," courts look to the common law understanding of those terms, the Court examined whether shareholder-directors in a professional association are considered employees of that association. 538 U.S. at 448-49.

that Plaintiff asserts would establish MSU and BSU as his employers are clearly insufficient. For example, as to MSU, Plaintiff cites a June 8, 2011, letter from MSU's Vice President for Finance and Management to Thompson's President which Plaintiff alleges "identifies Morgan as a partner since 1995." ECF No. 69 at 2 (citing ECF No. 1-13). That letter discusses the proposed terms for a renewal of the food service contract between MSU and Thompson and mentions that MSU "became [Thompson's] first major University client" in 1995. ECF No. 1-13 at 1 (emphasis added). That MSU had a long-term contractual relationship with Plaintiff's employer does not make MSU also Plaintiff's employer.

Plaintiff also cites several documents as evidence of "[u]nbiased observers defining [MSU] as [his] employer." ECF No. 69 at 4 (citing ECF Nos. 69-1 to 69-5). These documents are reports from high school students who apparently visited the food service facilities at MSU on a field trip and referred to the food service workers as the staff of MSU without mentioning Thompson. That obviously is not evidence of MSU's legal status as an employer. Referencing his "right to sue letter" from the EEOC, Plaintiff also claims that the EEOC "agreed with [him] that [MSU] was [his] employer." ECF No. 69 at 5. The right to sue letter simply stated that the EEOC was unable to conclude that there was any violation of Title VII but made no

determination, whatsoever, as to whether MSU was Plaintiff's employer. ECF No. 1-14.

Plaintiff proffers even less evidence related to BSU. He cites the fact that a meeting was held in a BSU conference room, with food served that was "prepared through equipment supplied by [BSU]" and where Thompson's performance was evaluated as evidence that the "[c]at's paw theory appears to fit here." ECF No. 70 at 2. The cat's paw theory is a theory developed by courts for "imposing liability on an employer for the discriminatory motivations of a supervisor, even though the supervisor did not formally take the adverse employment action." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 288 (4th Cir. 2004). Courts have not used this theory to impose liability on a third party who happens to be in a contractual relationship with a Plaintiff's actual employer.

In the Court's November 12, 2014, Order, the Court also required Plaintiff to show cause within ten days why the claims against Jill Brown, Todd Burge, Dan Kelly, Nancy Wediner, Michael Amos, and Alessandria McGwire should not be dismissed for failure to effect service. ECF No. 66. On December 1, 2014, the Court granted Plaintiff an additional 60 days in which to serve those individuals. ECF No. 68. Plaintiff was able to serve two of those individuals, Jill Brown and Dan Kelly, who have subsequently answered the Complaint.

4

ECF No. 76. Having received no further information or requests related to Todd Burge, Nancy Wediner, Michael Amos, or Alessandria McGwire, the Court will dismiss, without prejudice, the claims against those individuals for failure to effect service. Fed. R. Civ. P. 4(m). The Court will also issue a scheduling order so that discovery can proceed.

Accordingly, IT IS this 25th day of March, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's Motions for Reconsideration, ECF Nos. 69 and 70, are DENIED;

(2) That the claims against Todd Burge, Nancy Wediner, Michael Amos, and Alessandria McGwire are dismissed, without prejudice; and

(3) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to Plaintiff and all counsel of record.

_____/s/_____<br>
William M. Nickerson<br>
Senior United States District Judge